UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHOUDRY M. HUSSAIN,
Individually and on behalf of a class,

                              Plaintiff,            Case No. 16-cv- 6920

                    - against -

DIVERSIFIED CONSULTANTS, INC.,

                             Defendant.
----------------------------------------------------------X

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendant Diversified Consultants, Inc. Plaintiff alleges violation of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information. 15 U.S.C. §§1692g and 1692e.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business in this District.

## PARTIES

4. Plaintiff, Choudry M. Hussain, is an individual resident of the State of New York, residing in the County of Kings. Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendant sought to collect from Plaintiff is a consumer debt.

5. Defendant, Diversified Consultants, Inc., is an Florida Foreign Business Corporation doing business in New York. Defendant is regularly engaged in the collection of debts allegedly owed by consumers. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

7. On or about February 13, 2016, Plaintiff was mailed the collection letter attached as Exhibit A. Plaintiff received it in the ordinary course of mail.

8. Exhibit A sought to collect a debt incurred for personal, family or household use and not for business purposes.

9. Exhibit A was the first written communication the Defendant had with the Plaintiff.

10. Exhibit A is, on information and belief, a form letter.

11. Exhibit A states as follows:

*Original Creditor: AT&T Wireless*
*Current Creditor: AT&T Wireless*

12. Exhibit A then goes on to provide the notice pursuant to 15 U.S.C. §1692g(a):

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of the debt or any portion thereof, this office

2

will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

13. It is undisputed that AT&T Wireless is both the original creditor and the current creditor and the debt has not been sold or assigned.

14. Defendant's inclusion of the language, "[i]f you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, **if** different from the current creditor" (emphasis added) is deceiving and misleading since the original creditor and the current creditor are one and the same.

15. Defendant's actions as described herein violate 15 U.S.C. §§1692e and 1692g.

## **FIRST CAUSE OF ACTION**
(Violation of 15 U.S.C. § 1692g(a))

16. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 15 of this Complaint as though set forth at length herein.

17. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

18. 15 U.S.C. § 1692g(a) states as follows:

(a) **NOTICE OF DEBT; CONTENTS** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

3

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. (emphasis added) (the "Validation Notice").

19. Because the current creditor is the same as the original creditor here, section 1692g(a)(5) is inapplicable[1].

20. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

21. The word **if** in "if different from the current creditor" is the key word in section 1692g(a)(5) in determining whether this paragraph need be included in the Validation Notice given to the consumer. In this case, it should not have been included since the current creditor is not different from the original creditor.

22. The inclusion of the language of section 1692g(a)(5) is confusing to the consumer in that it leads the consumer to believe that the debt may have been sold or assigned when in fact it was not[2].

23. The inclusion of the language of section 1692g(a)(5) deceives and misleads the consumer to believe that the debt may have been sold or assigned when in fact it was not.

---

[1] *See* Edwards v. National Business Factors, Inc., 897 F.Supp. 455, n1 (D. Nev. 1995); *See also* FTC Statements of General Policy or Interpretation Staff Commentary on the FDCPA, 53 Fed. Reg. 50097, 50108 (1988) ("A notice need not offer to identify the original creditor unless the original creditor is different from the current creditor.")
[2] *See* Morse v. Kaplan, 468 Fed. Appx. 171, 173 (3rd Cir. 2012) (including the language of section 1692g(a)(5) would be confusing, and "it would make little sense to differentiate between the original and current creditor in this case as they are the same entity"). *Also see* Shimek v. Weissman, Nowack, Curry & Wilco, P.C., 323 F.Supp.2d 1344, 1349 (N.D. Ga. 2003) (the court acknowledged Defendant's argument that offering to provide information about a non-existent original creditor would in itself be a violation of the FDCPA).

24. Defendant had no reason to include the language of section 1692g(a)(5) other than to confuse, deceive, and mislead the consumer into believing that there may be other parties involved when in fact there are none. Many courts have agreed that there is no need to include this language when the original creditor is the same as the current creditor[3].

25. As a result of defendant's violation of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, actual damages, costs and attorney fees.

## SECOND CAUSE OF ACTION
(Violation of 15 U.S.C. § 1692e(10))

26. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 25 of this Complaint as though set forth at length herein.

27. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

28. Section 1692e(10) states that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . the following conduct is a violation of this section:

> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

29. Defendant's inclusion of the language of section 1692g(a)(5) deceived and misled the consumer into believing that her debt may have been sold or assigned to a third party when in fact it was not.

---

[3] See Stojanovski v. Strobl and Manoogian, P.C., 783 F.Supp. 319 (E.D. Mich. 1992); see also Berndt v. Fairfield Resorts, Inc., 337 F.Supp.2d 1120, 1132 (W.D. Wis. 2004) ("A plain reading of this [15 U.S.C. §1692g(a)(5)] shows that it applies only if the original creditor is different from the current creditor."); Masuda v. Thomas Richards & Co., 759 F.Supp. 1456, 1463 (C.D. Cal. 1991); Henhaffer v. Simeone & Raynor, LLC, 2016 WL 6305939 *4 (D. N.J. Oct. 27, 2016); Sosa v. Client Services, Inc., 2011 WL 5599937 *4 (D. N.J. 2011).

30. Defendant, by including the phrase, "if different from the current creditor" deceived and misled the consumer into believing that there may be a different creditor when in fact there was only one creditor.

31. As a result of defendant's violation of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, actual damages, costs and attorney fees.

## CLASS ALLEGATIONS

32. Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

33. The class consists of (a) all natural persons (b) who were sent a letter as Exhibit A (c) seeking to collect a debt (d) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

34. The class is so numerous that joinder is impracticable.

35. On information and belief, there are more than 50 natural persons who were sent a letter similar to Exhibit A on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

36. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

    a. Whether the defendant violated various provisions of the FDCPA, including by not limited to 15 U.S.C. §§1692g and 1692e; and/or

    b. Whether the current creditor is the same as the original creditor; and/or

    c. Whether defendant's letters and were false, deceptive and misleading; and/or

      d. Whether the Validation Notice included the language of section 1692g(a)(5); and/or

      e. Whether the letter violates the FDCPA; and/or

37. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

39. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendant as follows:

a)   Statutory damages;

b)   Attorney's fees, litigation expenses and costs of suit;

c)   Declaratory relief finding the collection letter violates the FDCPA;

d)   For such other and further relief which this court deems just and proper.

Dated: Brooklyn, New York
      December 15, 2016

          SHAKED LAW GOUP, P.C.
          Attorneys for Plaintiff

By: _____
          Dan Shaked (DS-3331)
          44 Court St., Suite 1217
          Brooklyn, NY 11201
          Tel. (917) 373-9128

Fax (718) 704-7555
e-mail: ShakedLawGroup@Gmail.com

## JURY DEMAND

Plaintiff hereby demands trial by jury.

_/s/ Dan Shaked_

Dan Shaked (DS-3331)